AO 245B (Rev. 03/01)
Sheet 1- Judgment in a Criminal Case

# United States District Court

Eastern District of Missouri

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| DARRELL HERRING | Case Number: S3-4:02CR529CDP |
| | ERIC BUTTS |
| THE DEFENDANT: | Defendant's Attorney |

☒ pleaded guilty to count(s)  TWO OF THE THIRD SUPERSEDING INFORMATION 12/08/2003.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 601(m)(4), 610(d) AND 676(a). | VIOLATION OF THE FEDERAL MEAT INSPECTION ACT. | 04/18/2000 | TWO |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) ONE THROUGH ELEVEN    are    dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendants Soc. Sec. No.: 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 | FEBRUARY 26, 2004 |
| Defendant's Date of Birth: 12/23/1966 | Date of Imposition of Judgment |
| Defendant's USM No.: 30306-044 | |
| Defendant's Residence Address: | *(signature)* |
| 7621 SPRINGDALE DRIVE | |
| NORMANDY, MO 63121 | Signature of Judicial Officer |
| | CATHERINE D. PERRY |
| | UNITED STATES DISTRICT JUDGE |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| 7621 SPRINGDALE DRIVE | |
| NORMANDY, MO 63121 | FEBRUARY 26, 2004 |
| | Date |

Record No.: 256

Judgment-Page 5 of 5

DEFENDANT: DARRELL HERRING
CASE NUMBER: S3-4:02CR529CDP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of  $25.00   due immediately, balance due
   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or

C  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
   Defendant Name, Case Number, and Joint and Several Amount

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution; (6) fine interest.(7) penalties, and (8) costs, including cost of prosecution and court costs

DEFENDANT: DARRELL HERRING
CASE NUMBER: S3-4:02CR529CDP

## PROBATION

The defendant is hereby placed on probation for a term of ONE YEAR.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment-Page  4  of  5

DEFENDANT: DARRELL HERRING
CASE NUMBER: S3-4:02CR529CDP

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $25.00 | WAIVED | NONE |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived for the.  ☐ fine and /or  ☐ restitution.

   ☐ The interest requirement is modified as follows:  ☐ fine and /or  ☐ restitution is modified as follows

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: DARRELL HERRING

CASE NUMBER: S3-4:02CR529CDP

## ADDITIONAL PROBATION TERMS

WHILE ON SUPERVISION, THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT AS WELL AS THE FOLLOWING ADDITIONAL CONDITIONS:

1. THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE AND SUBMIT TO A DRUG TEST WITHIN 15 DAYS OF RELEASE ON SUPERVISED RELEASE AND AT LEAST TO TWO PERIODIC DRUG TESTS THEREAFTER FOR USE OF A CONTROLLED SUBSTANCE.

2. THE DEFENDANT SHALL PARTICIPATE, AS DIRECTED BY THE PROBATION OFFICER, IN A DRUG OR ALCOHOL ABUSE TREATMENT PROGRAM APPROVED BY THE PROBATION OFFICE, WHICH MAY INCLUDE SUBSTANCE ABUSE TESTING, COUNSELING, RESIDENCE IN A COMMUNITY CORRECTIONS CENTER, RESIDENCE IN A COMPREHENSIVE SANCTIONS CENTER, OR IN-PATIENT TREATMENT IN A TREATMENT CENTER OR HOSPITAL. THE DEFENDANT SHALL PAY THE COSTS ASSOCIATED WITH SUBSTANCE ABUSE COUNSELING BASED ON A CO-PAYMENT SLIDING FEE SCALE APPROVED BY THE UNITED STATES PROBATION OFFICE. CO-PAYMENTS SHALL NEVER EXCEED THE TOTAL COSTS OF COUNSELING.